# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| TERESA STINE, * | |
| * | No. 17-1389V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: October 23, 2020 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * ** * | |

Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Teresa Stine's motion for final attorneys' fees and costs. She is awarded **$34,231.78**.

\* \* \*

On September 29, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccine she received on October 2, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer a shoulder injury related to vaccine administration. Petitioner further alleged that she suffered the residual effects of this injury for more than six months. On January 28, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day.

On April 22, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $36,116.50 and attorneys' costs of $1,726.93 for a total request of $37,843.43. Fees App. Ex. 3 at 20. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Fees App. Ex. 6. On April 24, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests that her attorney, Mr. Brian Cinelli, be compensated at $300.00 per hour for all work performed in this case (from 2017 to 2020). These rates are consistent with what Mr. Cinelli has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable for work performed in this case as well. See, e.g., Lott v. Sec'y of Health & Human Servs., No. 18-95V, 2020 WL 4725520 (Fed. Cl. Spec. Mstr. Jun. 24, 2020); Buras v. Sec'y of Health & Human Servs., No. 17-1012V, 2018 WL 5046453 (Fed. Cl. Spec. Mstr. Aug. 3, 2018); Ware v. Sec'y of Health & Human Servs., No. 15-1410V, 2018 WL 5304149 (Fed. Cl. Spec. Mstr. Sept. 25, 2018).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review, the undersigned notes that the hours billed in this matter are somewhat excessive. The undersigned and other special masters have previously noted this issue with Mr. Cinelli's work. Ware, 2018 WL 5304149, at *2; Campbell v. Sec'y of Health & Human Servs., No. 15-541V, 2017 WL 6381707 (Fed. Cl. Spec. Mstr. May 16, 2017); Schupp v. Sec'y of Health & Human Servs., No. 15-1264V, 2017 WL 6348865, at *3 (Fed. Cl. Spec. Mstr. May 10, 2017).

For example, in this case the billing records indicate that approximately 40 hours was spent by Mr. Cinelli and his paralegals on matters pertaining to

preparing the petition. The billing records also indicate time spent on administrative tasks, such as filing documents, which is not compensated by the Vaccine Program. Overall concerns of overbilling are offset by Mr. Cinelli's detailed timekeeping however. Based upon these issues, the undersigned finds it reasonable to reduce the final award of attorneys' fees by ten percent, a reduction of $3,611.65.

In sum, petitioner is awarded final attorneys' fees of $32,504.85.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $1,726.93 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and postage. Fees App. Ex. 3 at 19. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$34,231.78** (representing $32,504.85in attorneys' fees and $1,726.93 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Brian Cinelli.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.